JAMES E. McDANIEL, ARTHUR W. HAMBY, THEODOTUS C. HAMBY, THOMAS W. WATERS and CHARLES M. GALLOWAY,

*vs.*

FRANKLIN RAILWAY SUPPLY COMPANY, a Delaware corporation.

*New Castle, Oct. 16, 1931.*

*Clarence A. Southerland,* of the firm of Ward & Gray, and *Selden Bacon,* of New York City, (*L. L. Hamby,* of Washington, D. C., on the brief), for complainants.

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, and *Francis deH. Janvier,* for petitioning defendant.

THE CHANCELLOR: The bill in this cause seeks an accounting for royalties due under a license agreement entered into between the complainants' assignor and the defendant, by which the defendant agreed to pay royalties for the privilege of manufacturing and selling a certain patented wedge.

In the course of taking the testimony before the master, a sharp conflict of view arose between the parties concerning the meaning of the written contract under which the parties were operating. The details of this controversy are not regarded as necessary to be stated at this stage of the case. The present contract has a background of history consisting of preceding contracts, voluminous correspondence and oral negotiations. While the evidence is not before me, yet enough appears to show that it contains a very considerable amount of material relating to the contract's background and the circumstances surrounding its execution.

The defendant contends the contract means one thing as is evident from its terms when read in the light of the circumstances antedating and attending its drafting and execution; and that if it does not have the meaning contended for, it embodies a mistaken expression of the mutual intent of the parties.

The complainants insist that the contract does not have the meaning contended for by the defendant and that

there was no mistake in the phraseology employed to express the intent of the parties.

This being the situation, the defendant, in order that there may be no want of a basis in the pleadings as a support for the full and complete presentation by it of its contention, has asked leave to file a cross-bill in which the relief is sought of correcting the language of the contract so as to make it read in accordance with what it alleges was the true intent of the parties.

The complainants oppose the application on two grounds. The first is that the defendant by its answer made admissions with respect to the contract which are inconsistent with the claim now set up in the proposed cross-bill. When the reference was made in the answer to the contract and the finality of it as the expression of the mutual intent of the parties, notwithstanding the events and negotiations that had preceded its execution, I think such language in the answer is to be taken as referring to the contract as the defendant understood it to be. It would hardly do to attribute to the language of the answer any other meaning. It is not unreasonable to conclude that what the defendant intended by its answer to say was that the other contracts which were the ancestors, so to speak, of this one, were abrogated and the intent of the parties was thereafter to be found expressed exclusively in the present one. That is far from admitting that the present one, if its language is susceptible of such interpretation as the complainants assert, is free from mutual mistake.

The next objection is that the defendant is too late in its application for leave to file a cross-bill. The complainants cite *Gouverneur v. Elmendorf,* 4 *Johns. Ch.* (*N. Y.*) 357, and *Field v. Schieffelin,* 7 *Johns. Ch.* (*N. Y.*) 252, as authorities sustaining their contention that a cross-bill will not be allowed to be filed at this late date. In those cases, however, the cross-bill was sought to be filed after the testimony had closed and publication had passed; whereas the cause *sub judice* has not progressed to anything like that

stage. Here, the defendant is still taking testimony. The object of the rule followed in *Field v. Schieffelin, supra,* by which leave to file a cross-bill would be denied after publication has passed, was stated by Chancellor Kent in his opinion in that case to be, to prevent the danger of perjury. Such danger was thought to lurk in the situation if cross-bills were allowed to be filed after the complainant's depositions had been read by the opposite party, for after that event the defendant might be tempted by self-interest to meet the case made against him by concocting a cross-suit. Such I understand to be the reason of the rule. Since the taking of proof in equity is no longer in secret, I very much doubt if the period of publication should any longer be regarded as so definitive upon the point of time beyond which cross-bills cannot be filed as formerly. See 10 *R. C. L., p.* 489, *note.*

But however that might be, there can be little or no danger of a maneuver inspired by a new fabrication in this suit, for it appears that the facts upon which the proposed cross-bill rests have already been the subject of rather extensive examination by the parties in the taking of testimony before the master. Such testimony, I suppose, has gone in upon the theory that it throws illuminative meaning upon the contract's language. The defendant is apprehensive that in the end the testimony of this character which has thus far been admitted and that which it may yet produce, might be held improper to be considered on the present state of the pleadings. It accordingly desires to lay the foundation in pleading for an assured consideration by the court of its contention regarding the actual contract existing between the parties.

The contention is not a new one to the parties. The proposed cross-bill seeks only to give the contention a setting in pleading whereby it might prevail as a ground for reformation for mistake, instead of leaving it to the hazard of rejection on a question of its relevancy in variation of a written agreement.

This being the situation, I am of the opinion the requested leave should be granted. While the application comes at a late stage in the proceedings, yet I cannot see how the complainants can be prejudiced by the granting of the leave. The cross-bill will necessitate the exploring of no line of investigation which the parties have not already been pursuing.

After the time has passed within which a cross-bill might be filed as a matter of right, leave of the court must then be obtained before one may be filed. The matter then lies in the discretion of the court. 10 *R. C. L.* 489, § 266. Authority is cited in support of the text found under this paragraph of *R. C. L.* to the effect that a cross-bill may be filed as late as at the final hearing if it be necessary to a proper and complete determination of the controversy, and the court itself may direct one to be filed. Even as far back as 1830, when relaxation in such matters was less countenanced than now, a cross-bill was permitted in *White v. Buloid,* 2 *Paige* (N. Y.) 164, after witnesses had been examined in the original cause but before proofs were closed; and in *Cartright v. Clark,* 4 *Metc.* 104, the Supreme Judicial Court of Massachusetts stated that "the court, if the justice and equity of the case required it, would, on motion, allow a cross-bill to be filed after the publication of the evidence, and even after a hearing of the cause, if it should thereupon appear that a cross-bill is necessary to a complete and equitable decree in the original suit."

The defendant should be permitted to present its contention to the court that the contract was intended to embody the material intent it insists upon. The complainants have not conceded that this contention may be amply shown under the issues framed by the original bill and answer. Whether it can be so shown, has not been argued and I decline to pass upon it. I shall assume that the complainants' silence upon the point indicates a purpose at the argument to contend that the contract as written forbids the defendant from coloring it in any way by evidence extran-

eous of its face. Such being the situation, the defendant should be allowed to file its cross-bill and thereby make certain that its contention as to the terms of the contract is not left to the hazard of a ruling upon the question of whether, on the present state of the record, the contract embodies a mutual mistake in the wording of one of its terms.

The order will allow the filing of the cross-bill and direct that any testimony already adduced in the cause shall stand as evidence on the issues raised by the cross-bill when brought to issue, in so far as the same may be relevant thereto.